# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| MINE O'MINE INC., | |
|     Plaintiff, | Case No. 2:10-cv-00043-KJD-PAL |
| v. | **ORDER** |
| MICHAEL D. CALMESE, an individual; TRUE FAN LOGO, INC., a business of unknown origin; and DAN MORTENSEN, an individual, | |
|     Defendants. | |

    Presently before the Court is Defendant's Motion to Transfer Venue (#9), to which Plaintiffs filed a Response in Opposition (#13). To date, no reply has been filed.

**I.  Facts and Procedural History**

    Plaintiff Mine O'Mine ("MOM"), a Nevada corporation, holds the exclusive rights of publicity for the use and exploitation of the name and likeness of professional basketball player Shaquille O'Neal ("O'Neal"). O'Neal began playing for the Phoenix Suns on February 6, 2008 and Plaintiff avers that fans subsequently began using the moniker "Shaqtus" in reference to O'Neal. On March 30, 2008, Defendant Michael D. Calmese ("Calmese") registered the <shaqtus.net> domain

name and allegedly began operating an online retail store, selling apparel and other items with the "Shaqtus" name and likeness of O'Neal.

On January 12, 2010, Plaintiff filed a Complaint against Defendants Calmese, True Fan Logo, Inc., and Dan Mortensen.[1]  The Complaint brings claims for relief, for: trademark infringement, unfair competition, trademark dilution, and cybersquatting under federal statutes, with pendent state and/or common law claims for violation of the right of publicity and trademark infringement.  Plaintiff avers that Defendant Calmese's Shaqtus merchandise is confusingly similar to MOM's rights to O'Neal's name and likeness.  Plaintiff further avers that Defendant Calmese's Shaqtus merchandise dilutes the distinctiveness of the Shaq marks.  The Complaint alleges that Calmese's actions have caused injury to MOM in Nevada.

Defendant Calmese filed an Answer and Counterclaim on February 2, 2010 (#6), alleging trademark infringement, unfair competition, and defamation.  On February 8, 2010, Defendant Calmese, an Arizona resident, filed a Motion to Change Venue (#9).  The Motion alleges *inter alia* that the pre-trial publicity in the instant action has been so prejudicial that the Court cannot impanel an impartial jury.

**II.  Standard for a Motion to Transfer Venue**

A trial court may grant a motion for change of venue if the record demonstrates either presumed prejudice in the community or actual prejudice in jurors.  Harris v. Pulley, 885 F.2d 1354, 1361 (9th Cir. 1988);  see also, Sheppard v. Maxwell, 384 U.S. 333, 363 (1966) (holding that where there is a reasonable likelihood that pre-trial news coverage will prevent a fair trial, a trial judge can either transfer or continue the case).  A transfer becomes necessary when prejudicial news coverage or an "inflamed community atmosphere" forecloses the possibility of sitting an impartial jury.  Harris, 885 F.2d at 1361.

---

[1] The Court subsequently dismissed Defendant Dan Mortenson because the parties settled out of Court (#15).

### III.  Analysis

**A. Pre-trial Prejudice**

Calmese's Motion fails because the record does not demonstrate presumed or actual prejudice.  Harris, 885 F.2d at 1361.  Though Calmese claims that the pre-trial publicity in this case prevents the Court from being able to impanel an impartial jury, he fails to provide any evidence to support the existence of such publicity.  He makes reference to "Google" and "Yahoo" sites, yet fails to provide evidence that would allow the Court to examine potential prejudice.  The Court cannot accept Calmese's unsupported references to news stories on Google or Yahoo, nor is it able to accept, as media coverage, quotations from unidentified blogs.

Plaintiff, in opposition to Calmese's Motion, avers that Calmese may have been the source of any alleged publicity (#13, p. 6, lines 14 –16), averring that Calmese submitted press releases and contacted reporters.  Calmese, however, fails to reply to said allegation.  Moreover, even assuming the existence of prejudicial online news stories or blogs, Calmese fails to demonstrate how a transfer of venue to Arizona will alleviate the presumed prejudice.  The alleged online news sources are available in Arizona and any other district to which the Court could transfer the case.

In addition to finding no presumed prejudice, the Court finds no actual prejudice because a jury has not yet been selected.  See, e.g. Harris, 885 F.2d at 1363.

**B.  Venue:  Substantial Part of the Events**

The Court finds that venue is not improper in this District.  "The cause of action for a trademark violation arises in the place where the confusion is likely to occur."  Sidco Industries, Inc. v. Wimar Tahoe Corp., 768 F. Supp. 1343, 1346 (D. Or. 1991).  Further, the location of the injury constitutes a substantial part of the events, even if the one who caused the injury lives in a different state.  In Myers v. Bennett Law Offices, for example, 238 F.3d 1068, 1075 (9th Cir. Nev. 2001), the 9th Circuit held that venue was proper in a Nevada district court where a Utah resident's tortious actions caused injury in Nevada.

Here, a substantial part of the events giving rise to the Plaintiff's Complaint occurred in Nevada. Because MOM is a Nevada corporation, any infringements upon its trademarks would cause injury to it in Nevada., and any confusion about trademarks would likely occur in Nevada. Moreover, MOM has alleged facts that suggest an injury in Nevada. Therefore, even though Calmese does not reside in Nevada, venue is proper if his actions caused injury in Nevada. Calmese provides no supporting authority or evidence for his assertion that a substantial part of the events did not occur in Nevada. Accordingly, the Court finds that venue is proper under 28 U.S.C. § 1391(b)(2).

### C. Calmese's Remaining Arguments that Venue is Improper

Additionally, Local Rule 47-9 requires that parties provide points and authorities to support their motions. The failure to do so constitutes consent to the denial of the motion. Because Calmese fails to support his remaining arguments with points and authorities, the Court declines to address them.

### IV.  Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion to Transfer Venue (#9) is **DENIED**.

DATED this 22nd day of June, 2010.

_____
Kent J. Dawson
United States District Judge