**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MINE O' MINE, INC., ) | |
| ) | Case No. 2:10-cv-00043-KJD-PAL |
| Plaintiff, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | (Mtn to Compel - Dkt. #37) |
| MICHAEL D. CALMESE, ) | (Mtn to Compel - Dkt. #39) |
| ) | |
| Defendant. ) | |

The court held a hearing on Defendant Michael D. Calmese's Second Motion to Compel (Dkt. #37) and Plaintiff's Motion to Compel (Dkt. #39) on November 9, 2010. Present on behalf of Plaintiff was Michael J. McCue. Defendant is *pro se* and participated telephonically. The court has considered the Motions, the Responses (Dkt. ##43, 44), the Reply (Dkt. #46) to Plaintiff's Motion to Compel, and the arguments of counsel made on the record at the hearing.

In his Second Motion to Compel (Dkt. #37), Defendant seeks to compel production of documents responsive to his Requests For Production of Documents Nos. 3, 7, 10, and 17, as well as any new responses that have been affected by Plaintiff's supplemental responses. In response, Plaintiff asserts that the court has already heard and decided discovery disputes regarding Plaintiff's responses to Defendant's Requests for Production of Documents, Requests for Admissions, and Interrogatories. The court held a discovery dispute conference on September 13, 2010. Plaintiff asserts Defendant did not identify any disputes regarding Responses to Nos. 3, 7, 10, and 17 until September 17, 2010. Further, Plaintiff asserts Defendant did not meet and confer before filing the Second Motion to Compel as required by the Local Rules. Lastly, Plaintiff argues it produced all responsive documents regarding the ESPN commercial, and there is nothing to produce. The court accepts the representations of defense counsel that all responsive documents have been produced.

In its Motion to Compel (Dkt. #39), Plaintiff seeks to compel Defendant to appear for a deposition in Arizona where Defendant resides and to permit Plaintiff to depose third party witnesses who do not live in Arizona or Nevada by telephone. Discovery in this case closes on November 3, 2010, and Plaintiff asserts Defendant is attempting to avoid his deposition and not permit the depositions of other third party witnesses by refusing to submit to a deposition and refusing to stipulate to a brief extension of the discovery cut-off date. In response, Defendant asserts that he agreed to sit for a deposition on October 27, 2010. At the hearing, counsel for Plaintiff acknowledged that Defendant's deposition was taken in Arizona on October 27, 2010. Defendant stated that he did not intend to participate in the telephonic deposition, and he no longer opposes Plaintiff's request to take the depositions mentioned in the Motion to Compel telephonically.

Having reviewed and considered the matter,

**IT IS ORDERED**:

1. Defendant's Second Motion to Compel (Dkt. #37) is DENIED. However, Plaintiff will be precluded from introducing, relying on, or testifying about any documents at the time of trial or in motion practice that have not been produced to Defendant that are responsive to Defendant's Requests for Production of Documents Nos. 3, 7, 10, or 17.

2. Plaintiff's Motion to Compel (Dkt. #39) is GRANTED. Plaintiff is permitted to depose the following third parties telephonically: Mr. Anwar, Wieden & Kennedy, and ESPN on or before **November 19, 2010**.

3. Plaintiff's counsel shall serve Defendant with any documents they receive from ESPN and Wieden & Kennedy.

4. The following amended discovery plan and scheduling dates shall apply:
   a. Last date to complete discovery: **November 19, 2010.**
   b. Last date to file dispositive motions: **December 20, 2010.**
   c. Last date to file joint pretrial order: **January 19, 2011.** In the event dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until 30 days after a decision of the dispositive motions.

///

2. The disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections thereto, shall be included in the pretrial order.

Dated this 16th day of November, 2010.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE