# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MINE O' MINE, INC.,

                Plaintiff,

vs.

MICHAEL D. CALMESE, et al.,

                Defendants.

Case No. 2:10-cv-00043-KJD-PAL

**ORDER**

(Mtn to Compel - Dkt. #49)
(Mtn for Default - Dkt. #55)
(Mtn to Strike - Dkt. #57)

        This matter is before the court on Plaintiff's Third Motion to Compel (Dkt. #49), Defendant's Opposition (Dkt. #56), Plaintiff's Motion for Default (Dkt. #55), and Plaintiff's Motion to Strike (Dkt. #57). The court has considered the Motions and the Opposition.

        On October 4, 2010, Defendant Michael D. Calmese filed his Second Motion to Compel (Dkt. #37). The court held a hearing on the Motion on November 9, 2010, and after denying the Motion, advised Defendant Calmese that "the Court will not entertain continued motions practice on this matter now that the relief sought has been granted." *See* Minute Order, Dkt. #47. The court also allowed Plaintiff to conduct additional depositions and directed counsel for Plaintiff to produce "any documents they receive from ESPN and Wieden & Kennedy." *Id.*

        Notwithstanding the court's admonishment that it would not entertain further motions to compel concerning the same discovery requests and disputes, Defendant Calmese filed a Third Motion to Compel. Plaintiff's Motion seeks documents responsive to his Requests for Production of Documents Nos. 5 and 9. He asserts that he met and conferred with defense counsel via email, and also that Plaintiff made "unauthorized changes" to his discovery request. Specifically, Defendant Calmese asserts that he is aware that Wieden & Kennedy have documents responsive to Requests Nos. 5 and 9, and counsel for Plaintiff should have produced those documents. Although Defendant Calmese is

proceeding *pro se*, he requests attorney's fees and costs associated with filing the Motion to be reimbursed to him by Plaintiff. He also requests Plaintiff be sanctioned for its failure to disclose documents from Wieden & Kennedy by having its Complaint dismissed.

In response, Plaintiff asserts that Defendant Calmese did not meet and confer with Plaintiff before filing his Third Motion to Compel. Rather, he merely sent emails threatening to file a motion to compel and seek sanctions and never called Plaintiff's counsel to discuss discovery issues. Plaintiff also asserts that Defendant Calmese filed the Motion to Compel *after* he received the documents from Wieden & Kennedy and ESPN. Plaintiff states it produced the documents it received from ESPN on December 6, 2010, and it produced the documents it received from Wieden & Kennedy on December 10, 2010–the same days it received the documents from ESPN and Wieden & Kennedy, respectively. Plaintiff contends it produced all the documents provided to it by ESPN and Wieden & Kennedy, and Plaintiff's Motion is moot. Plaintiff seeks attorneys' fees incurred in drafting and filing the Opposition.

In his Motion to Strike (Dkt. #57), Defendant Calmese argues that Plaintiff's Opposition should be stricken as untimely because the Opposition was due on December 30, 2010, and Plaintiff did not file it until January 14, 2011. As a result Plaintiff's Third Motion to Compel should be deemed conceded. Defendant Calmese has also filed a Motion for Entry of Default which seeks "an entry of a default judgment against Plaintiff," as a sanction for Plaintiff's failure to participate in discovery, or alternatively, an Order granting the relief sought in the Third Motion to Compel.

Although Defendant Calmese is correct that Plaintiff's Opposition is untimely, the Ninth Circuit has recognized the public policy in favor of deciding disputes on the merits. *See In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1248 (9th Cir. 2006) (*citing Forman v. Davis*, 371 U.S. 178, 181 (1962)). Additionally, this is the third Motion to Compel filed by Defendant Calmese on issues previously addressed and decided. Thus, the court will resolve the Motion to Compel on the merits. The court decided the disputes raised in Defendant's Motion at a hearing on Defendant's original motion on November 9, 2010, and advised Defendant that the court would not entertain any further arguments on the same disputes. Moreover, counsel for Plaintiff represents he produced the materials Defendant Calmese seeks in his Motion on December 6 and December 10, 2010, the same day counsel for Plaintiff received them. The Motion to Compel was filed

December 13, 2010.  Although counsel for Plaintiff informed Defendant Calmese the Motion was moot, he did not withdraw it because it appears, based on the emails attached to Plaintiff's Motion, he believed the documents were not timely produced.  Counsel for Plaintiff submitted a Declaration attesting that Plaintiff has produced all documents it received from Wieden & Kennedy and ESPN, and produced them the same day counsel for Plaintiff received them.

Having reviewed and considered the matter,

**IT IS ORDERED:**

1. Defendant's Motion to Compel (Dkt. #49) is DENIED.
2. Defendant's Motion to Strike (Dkt. #55) is DENIED.
3. Defendant's Motion for Default (Dkt. #57) is DENIED.

Dated this 10th day of February, 2011.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE