# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MINE O'MINE, INC.,

    Plaintiff,

v.

MICHAEL D. CALMESE, *et al*.,

    Defendants.

Case No. 2:10-CV-00043-KJD-PAL

**ORDER**

    Before the Court is Plaintiff's Motion for Judgment (#67). Defendant Calamese filed an opposition (#68) and Plaintiff filed a reply (#69).

    In its July 12, 2011 Order (#66), the Court entered summary judgment in favor of Plaintiff Mine O'Mine ("MOM") on: (1) its claims for trademark infringement (Claim I) and unfair competition (Claims II and V); and (2) Defendant Calmese's counterclaims for trademark infringement, unfair competition and defamation. The Court also entered summary judgment in favor of Defendant Calmese and True Fan Logo, Inc. on the right of publicity claim (Count VI).[1] The sole remaining claims are MOM's claims for cybersquatting (Count IV) and trademark dilution (Count V). (See Compl. #1.)

---

[1] Defendant True Fan Logo, Inc. is a dissolved corporation. To the extent that it exists, Mr. Calmese controls and is *pro se* counsel for True Fan Logo.

In its Complaint, Plaintiff sought entry of a preliminary and permanent injunction prohibiting the Defendants from using or registering the trademark and domain names at issue in this litigation. They also requested a preliminary and permanent injunction requiring the current domain name registrar or registry to transfer the <shaqtus.net> domain name registration to Plaintiff. Plaintiffs also sought damages, costs, and attorneys' fees.

Plaintiff moves the Court for entry of final judgment pursuant to Fed. R. Civ. P. 54(b). Rule 54(b) permits the Court to direct entry of final judgment on any claim when the Court determines that there is no just reason for delay.

Plaintiff argues that there is no just reason for delay because entry of final judgment would end the litigation and provide the relief it seeks. If final judgment is entered, MOM agrees to forego its remaining claims for cybersquatting and trademark dilution and its claim for damages. MOM would only seek interest, costs, and attorneys' fees by a separate motion.

Calamese attempts to argue that the parties should proceed to trial on Plaintiff's two remaining claims. Accordingly to Calamese, trial on Plaintiff's remaining causes of action will allow Calamese to show fraudulent conduct on the part of Plaintiff. Calamese gives no indication of the nature or evidence of the unpled fraudulent conduct he intends to prove.

Calamese's argument lacks merit. Because the litigation would be terminated by entry of final judgment, the Court determines that there is no just reason for delay. The Court will direct entry of final judgment as requested by Plaintiff in its [Proposed] Order Entering Final Judgment.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Entry of Final Judgment (#67) is **GRANTED**.

DATED this 21st day of October 2011.

_____
Kent J. Dawson
United States District Judge