# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| MINE O'MINE, INC., | |
| Plaintiff, | Case No. 2:10-CV-00043-KJD-PAL |
| v. | **ORDER** |
| MICHAEL D. CALMESE, *et al*., | |
| Defendants. | |

Before the Court is Plaintiff Mine O'Mine's ("MOM") Motion for Attorneys' Fees and Costs (#72). Defendant Michael D. Calmese filed an opposition (#79) and MOM filed a reply (#86). Also before the Court is MOM's Motion to Seal (#73) to which Mr. Calmese filed an opposition (#81).

I. Background

MOM filed this action for trademark infringement, unfair competition, and cybersquatting against Mr. Calmese in January 2010. Mr. Calmese, representing himself *pro se*, filed an answer with counterclaims (#6). Mr. Calmese then filed a motion for change of venue (#9). In that motion,

1  Mr. Calmese claimed that opposing counsel subscribed to "conspiracy theories" and were "bitter as a
2  direct result of their lost motion for attorney fees" in another case.  Mr. Calmese also and failed to
3  provide proper authority for many of the arguments he made (#9 at 2-3).  The motion was denied
4  (#23).
5        The parties engaged in settlement negotiations in July, 2010.  Correspondence between the
6  parties indicates that Mr. Calmese offered to settle the case for $5,000.  Counsel for MOM responded
7  by accepting this offer subject to preparation of settlement agreement reflecting all terms.  After
8  MOM's counsel prepared the draft agreement, Mr. Calmese refused to settle for $5,000 and
9  increased his demand tenfold.  During this period, Mr. Calmese also agreed to an extension of time
10 to respond to discovery and then reneged on this agreement, forcing MOM to file a motion seeking
11 an extension of time (#26).  Mr. Calmese then filed a motion to compel responses to the discovery at
12 issue.
13       Mr. Calmese filed a second motion to compel (#37) while at the same time refusing to attend
14 his properly noticed deposition and refusing to facilitate the telephonic depositions of third parties.
15 This conduct resulted in an emergency motion to compel (#39) which was granted by Magistrate
16 Judge Leen.  Judge Leen noted in her Order (#47) "Defendant Calmese is advised that the Court will
17 not entertain continued motions practice on this matter now that the relief as stated has been
18 granted."
19       Mr. Calmese disregarded this instruction and filed a third motion to compel.  MOM's counsel
20 informed Mr. Calmese that his motion was moot because the requested documents had been
21 produced.  Mr. Calmese not only declined to withdraw his moot motion, but also filed a motion for
22 default judgment based on MOM's failure to respond to the moot motion to compel (#55).  MOM
23 was forced to respond to each of these motions.  Judge Leen issued an Order (#63) denying Mr.
24 Calmese's third motion to compel, noting that he disregarded "the court's admonishment that it
25 would not entertain further motions to compel concerning the same discovery requests and disputes."
26

MOM prevailed on summary judgment on its trademark infringement and unfair competition claims and on Calmese's counterclaims (#66.) The Court found in favor of Calmese on the right of publicity claim and MOM agreed to forego its other claims. The Court entered final judgment in MOM's favor on October 21, 2011 (#71). MOM now moves for an award of attorneys' fees and costs pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

II. Discussion

      A.  Standard for Award of Attorneys' Fees

Under the Lanham Act, 15 U.S.C. § 1051, et seq., a district court "in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a).  Under federal law a litigant is a prevailing party if he has obtained a "court-ordered chang[e][in] the legal relationship between [the plaintiff] and the defendant." Saint John's Organic Farm v. Gem Cnty. Mosquito Abatement Dist., 547 F.3d 1054, 1058–59 (9th Cir.2009)(quoting Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 604 (2001)). To be a prevailing party, a litigant must succeed "on any significant issue in litigation which achieve[s] some of the benefit the part[y] sought." Saint John's, 574 F.3d at 1059 (quoting Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 791–92 (1989)).

The Ninth Circuit construes the " 'exceptional cases' requirement narrowly." Classic Media, Inc. v. Mewborn, 532 F.3d 978, 990 (9th Cir.2008)(quoting Gracie v. Gracie, 217 F.3d 1060, 1071 (9th Cir.2000)). Under § 1117(a) "[e]xceptional circumstances can be found when the non-prevailing party's case 'is groundless, unreasonable, vexatious, or pursued in bad faith.'" Gracie, 217 F.3d 1071 (citation omitted). See also Love v. Associated Newspapers, Ltd., 611 F.3d 601, 615–16 (9th Cir.2010). The Ninth Circuit has recognized cases may be "exceptional" on a showing of "something less than bad faith"; for example, when a party raises "groundless arguments and creat[es] both serious inconvenience and economic hardship" for the opposing party. Stephen W. Boney, Inc. v. Boney Servs., Inc., 127 F.3d 821, 825–27 (9th Cir.1996). In determining whether a case is

exceptional, the Ninth Circuit has also considered a party's engagement in a "pattern and practice of abusive litigation practices." Lahoti v. Vericheck, Inc., 636 F.3d 501, 510–11 (9th Cir.2011). If a court concludes a case is exceptional under § 1117(a), the court has discretion as to whether to award attorneys' fees. 15 U.S.C. § 1117(a)("The court in exceptional cases **may** award reasonable attorneys' fees to the prevailing party.")(emphasis added)). See also Classic Media, 532 F.3d 990. Under § 1117(a) "awards are 'never automatic and may be limited by equitable considerations.'" Rolex Watch, U.S.A., Inc. v. Michel Co., 179 F.3d 704, 711 (9th Cir.1999)(quoting Intel Corp. v. Terabyte Int'l, Inc., 6 F.3d 614, 620 (9th Cir.1993)).

### B.  Prevailing Party

The Court granted MOM's motion for partial summary judgment on the trademark infringement and unfair competition claims and found that there was a likelihood of confusion between MOM's mark and Mr. Calmese's mark. This claim was the central dispute between the parties. MOM prevailed on all counterclaims by Mr. Calmese. Mr. Calmese concedes that MOM is the prevailing party. Accordingly, MOM was the prevailing party in this litigation.

### C.  Exceptional Case

MOM argues that this matter constitutes an exceptional case warranting the award of attorneys' fees. Mr. Calmese has been involved in a pattern of litigation against athletic companies, sports teams, and others and has filed numerous trademark lawsuits.[1] In these cases, Mr. Calmese has demonstrated a habit of disregarding courtesy to opposing counsel, unscrupulous conduct relating to settlement, wasteful litigation practices, and unwillingness to follow court orders. In 2009 Judge Roslyn Silver warned Mr. Calmese that his conduct before her "came perilously close to warranting § 1117(a) attorneys' fees." Calmese v. Nike, Inc., 2009 WL 2913489, 4 (D.Ariz. 2009). In 2011, Judge Brown of the District of Oregon determined that Mr. Calmese had crossed the line

---

[1] See Calmese v. City of Glendale, CV2008-11415 (Ariz.Super.Ct.); Calmese v. Phoenix Suns Ltd. P'ship, CV2001-00866 (Ariz.Super.Ct.); Calmese v. Pimsner, CV1999-16543 (Ariz.Super.Ct.); Prove It! Sportsgear, Inc. v. T.W.I.Z.Y, The World Is Yours, Inc., CV-98-2075 (D.Ariz.); Adidas of Am., Inc. v. Calmese, CV-08-0091 (D.Or.) Calmese v. Nike, Inc., CV-06-1959 (D. Ariz.)

4

and awarded $75,000 in attorneys' fees to Adidas pursuant to § 1117(a).[2]  <u>Adidas America, Inc. v. Calmese</u>, 2011 WL 1832948 (D.Or. 2011).  Judge Brown found that Mr. Calmese's "unreasonable and vexatious behavior" showed a lack of respect for the legal process, for the court, and for opposing counsel.

Mr. Calmese seems to think that nuisance litigation of the type on display here and in <u>Nike</u> and <u>Adidas</u> cases can be leveraged into lucrative settlements.  In an email to MOM's counsel, Mr. Calmese stated "Summary Judgment cost you nearly $200,000 in the Micheal (sic) Calmese v. Nike Inc., and I was the Plaintiff. NOW, I am the Defendant, $50K seems very reasonable under my current circumstances."  (#26-2 at 12, emphasis in original). As noted above, Mr. Calmese's conduct in this litigation has inconvenienced and caused economic hardship to MOM.  Of particular concern to the Court are Mr. Calmese's sleight of hand tactics in settlement negotiations, backsliding on an agreement for an extension, dilatory conduct in relation to depositions, and unwillingness to respect Judge Leen's instructions on filing discovery motions.  This type of conduct creates inconvenience and waste which negatively affect opposing parties, the Court, and litigants in other cases with meritorious claims

Mr. Calmese argues that "the fact that Calmese appeared *pro se* does excuse his conduct." (Opp. at 9.)  The Court disagrees.  *Pro se* status is no excuse for discourteous and unreasonable behavior.  Mr. Calmese is a frequent litigant who has been warned about his conduct by several judges and has had an award of attorneys' fees levied against him by Judge Brown.  Accordingly, the Court finds that this case is exceptional for purposes of § 1117(a).

D.  Award of Fees

The total amount sought by MOM is $90,897.85 in fees and $4,849.18 in non-taxable costs for a total of $95,747.03.  Mr. Calmese provides no specific objection showing that the hourly rate, number of hours, or to the non-taxable expenses claimed by MOM are unreasonable.  Instead Mr.

---

[2] Adidas originally requested $750,000 in fees due to the numerous responses it was forced to make in light of Mr. Calmese's litigation practices.

5

Calmese claims that he has no assets and that if Court decides a fee is warranted, "the Court may award a token amount to discourage unsubstantiated *pro se* litigation."  In the Adidas case Judge Brown determined that a token award of fees was insufficient to effectively discourage Mr. Calmese's conduct and awarded 10% of the fees incurred by Adidas.³  In light of Mr. Calmese's harmful conduct in this case and his pattern and practice of litigating in this manner, the Court exercises its discretion to grant an award of 50% of the fees and costs requested by MOM pursuant to U.S.C. 15 § 1117(a) or $47,873.5.

III.  Motion to Seal

There is a strong presumption in favor of public access to judicial filings and documents. See Nixon v. Warner Communication, Inc., 435 U.S. 589, 597 (1978); see also Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir.2006); Foltz v. State Farm Mut. Auto Ins. Co., 331 F.3d 1122, 1134 (9th Cir.2003). The court has inherent power over its own records and files, and access may be denied where the court determines that the documents may be used for improper purposes. Nixon v. Warner Comm., Inc., 435 U.S. at 598; Hagestad v. Tragesser, 49 F.3d 1430, 1433–34 (9th Cir.1995);

MOM has moved to seal certain exhibits containing detailed billing records which contain negotiated billing rates.  According to MOM's counsel, this business information is not generally available to the public.  Because these hourly billing rates are competitively sensitive and not publicly known, it is appropriate to file them under seal.  See China Int'l Travel Services (USA), Inc. v. China & Asia Travel Service, Inc.,  2008 WL 5480840, 10  (N.D.Cal.,2008) (allowing filing of billing records under seal in Lanham Act case where attorneys' fees were awarded).  Accordingly, the Motion to File Under Seal is Granted.

---

³ Although the decision in Adidas was issued after some of the troubling conduct in this case occurred, it is apparent to the Court that Mr. Calmese has not been appropriately discouraged.  For example, Mr. Calmese's opposition to the instant motion demonstrates his continuing lack of courtesy by baselessly contending that MOM's counsel is acting out of "revenge" and "embarrassment."

III.  Conclusion

**IT IS HEREBY ORDERED THAT** Plaintiff Mine O'Mine's Motion for Attorneys' Fees and Costs (#72) is **GRANTED**.

**IT IS FURTHER ORDERED THAT** Plaintiff Mine O'Mine is awarded costs and fees in the amount of $47,873.51.

**IT IS FURTHER ORDERED THAT** Plaintiff Mine O'Mine's Motion to Seal (#73) is **GRANTED**.

DATED this 16th day of April 2012.

_____
Kent J. Dawson
United States District Judge